UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,

    -against-                              02 Cr. 1270 (RWS)

PORFIRIO HERNANDEZ,                  OPINION

                Defendant.

------------------------------------X

USDC
DOCU
ELECT
DOC #:
DATE F  1/19/11

A P P E A R A N C E S:

    Attorneys for Government

    PREET BHARARA
    United States Attorney for the
        Southern District of New York
    One St. Andrew's Plaza
    New York, NY  10007
    By:  Serrin Turner, Esq.

    **Pro Se**

    PORFIRIO HERNANDEZ
    USMS # 54209-054
    CI NE Ohio Correctional Center
    2240 Hubbard Rd.
    Youngstown, OH  44501

**Sweet, D.J.**

On December 1, 2010, defendant Porfirio Hernandez ("Hernandez" or "Defendant") filed a "Motion for Reduction of Sentence in Light of the November 1st 2010 Amendments to the U.S.S.G." For the reasons set forth below, Defendant's motion is denied.

**Prior Proceedings**

Hernandez was previously sentenced on May 29, 2007 to five years' imprisonment for conspiring to commit food stamp fraud and bank fraud in violation of 18 U.S.C. § 371. Defendant's instant motion requests a sentence reduction consistent with recent amendments to the United States Sentencing Guidelines (the "Guidelines"). Specifically, Hernandez seeks application of the following:

- An amendment to Part H of Chapter 5 of the Guidelines, which amends policy statements contained in Part H to make clear that age, mental and emotional conditions, physical condition or appearance, and past military service may be relevant in determining whether a downward departure is warranted. See U.S.S.G. Ch. 5, Pt. H, App. C, amdt. 739.

- An amendment to U.S.S.G. § 2L1.2 (Unlawfully Entering or Remaining in the United States), which added an application note to § 2L1.2 providing that a downward departure may be appropriate in illegal re-entry cases on the

1

>            basis of cultural assimilation.  <u>See</u> U.S.S.G.
>            § 2L1.2 & App. C, amdt. 740.

The instant motion was marked fully submitted on January 12, 2011.

**Discussion**

Though it is well-established that a district court may not generally modify a term of imprisonment once imposed, "in limited circumstances, a sentence reduction may be authorized by Congress and the Sentencing Commission." <u>United States v. Martinez</u>, 572 F.3d 82, 84 (2d Cir. 2009) (citing <u>Cortorreal v. United States</u>, 486 F.3d 742, 744 (2d Cir. 2007)). Pursuant to 18 U.S.C. § 3582(c)(2), a sentenced defendant may move the court to reduce his sentence where the Sentencing Commission has lowered the applicable sentencing range pursuant to 28 U.S.C. § 994(o). Such a reduction must be "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Sentencing Guidelines § 1B1.10 identifies those amendments that a court may apply retroactively pursuant to 18 U.S.C. § 3582(c)(2). <u>See</u> <u>United States v. Williams</u>, 551 F.3d 182, 186 (2d Cir. 2009) ("Congress has made it clear that a court may reduce the terms of imprisonment under § 3582(c) only if doing so is 'consistent'" with

§ 1b1.10); United States v. Savoy, 567 F.3d 71, 73 (2d Cir. 2009) ("§ 1b1.10 is binding on sentencing courts").

The Guidelines amendments cited by Hernandez cannot serve as the basis for a reduction in his sentence. First, neither of the amendments at issue, amendments 739 and 740, are listed in subsection (c) of § 1b1.10 as amendments that the Sentencing Commission intended to have retroactive effect. Accordingly, any retroactive application of the amendments to Hernandez's sentence would be inconsistent with the policy of the Sentencing Commission and therefore barred under 18 U.S.C. § 3582(c)(2).

Second, even if the amendments cited by Hernandez were to have retroactive effect, neither amendment would have the effect of lowering the applicable Guidelines range. Amendment 739 merely amends policy statements concerning a court's ability to depart below a defendant's Guidelines range based on certain personal characteristics. It does not actually lower the Guidelines range for any defendant. Amendment 740 similarly authorizes departures based on cultural assimilation, rather than actually lowering the range. Moreover, amendment 740 is not applicable to this case, as it applies only to illegal re-entry cases, whereas Defendant was sentenced for conspiracy to commit food stamp and bank fraud.

3

Accordingly, because Defendant's motion fails to present any basis for reducing his sentence, the motion is denied.

**Conclusion**

Based upon the foregoing, Defendant's motion for a reduction in his sentence is denied.

It is so ordered.

**New York, NY**
**January 1͟8͟, 2011**

_____
ROBERT W. SWEET
U.S.D.J.